**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**MICHAEL DEAN CARROLL, #L1925**                                                      **PLAINTIFF**

**VS.**                                    **CIVIL ACTION NO. 3:16CV981-CWR-LRA**

**COMMISSIONER MARSHALL FISHER
AND C/O LAKESHIA DAVIS**                                                   **DEFENDANTS**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This cause is before the Court on the motion for summary judgment [25] filed by Defendants Marshall Fisher and Lakeshia Davis. Defendants ask that the claims of Plaintiff Michael Dean Carroll be dismissed due to his failure to exhaust the remedies that were available to him through the Administrative Remedy Program [ARP] implemented by the Mississippi Department of Corrections [MDOC]. A hearing was conducted on July 25, 2017, under the authority of *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), and its progeny, and Plaintiff provided testimony regarding his claims against these Defendants and regarding his efforts to exhaust the claims. He was instructed at the hearing to file a written response to the motion on or before August 14, 2017. He was granted another extension until October 16, 2017. Plaintiff never filed a written response, although he did write the Court indicating that he thought a hearing would be conducted on October 16, 2017. No additional hearing had been set; he was granted until October 16th to file his written response.

After a thorough review of the pleadings and exhibits, Carroll's sworn testimony, and the applicable law, the undersigned recommends that Defendants' motion be granted based upon Carroll's non-exhaustion.

Failure to exhaust is an affirmative defense, so these Defendants have the burden of demonstrating that Carroll failed to exhaust his administrative remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007). At the summary judgment stage, this means that Defendants "must establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor." *Dillon v. Rogers,* 596 F.3d 260, 266 (5th Cir. 2010). The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Tex. St. Board of Dental Exam'rs*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)). The burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *Allen v. Rapides Parish Sch. Bd.*, 204 F.3d 619, 621 (5th Cir. 2000).

Carroll was a convicted felon housed in the custody of the MDOC at the Mississippi State Penitentiary at Parchman, Mississippi [MSP] on or about November 22, 2016. On that date, Carroll contends that he was assaulted by other inmates, and the

officers on duty did not call for back-up or take him to medical.  His Complaint is quoted verbatim as follows:

> On 11-22-16 I got jump on on the zone and the officer just sent there at the door and did not call for no back up and they called me out for medical and the officer did not come and let me out of my cell to go to medical.  The offenders on the zone told the officer I was not going and they do not have no officers to work the zones co/MS Davis.

Complaint [1], p. 4.

As his relief requested, Carroll wrote: "I would like to be moved from the M.S.P. and be payed for my injurys."  Complaint [1], p. 4.

At the omnibus hearing, Carroll testified that Defendant Davis watched the incident without calling for backup.  He was taken to medical three days later; x-rays were taken and he was given Ibuprofen.  He has completely healed from any injuries sustained.  Carroll testified that he did file a complaint with the ARP but that he received no response.  According to Carroll, he filed the complaint at Parchman, both the first and second steps, but he provided no copies of the complaints he purportedly filed or other details.

Plaintiff signed his Complaint in this federal lawsuit on November 29, 2016, regarding the incident which allegedly occurred seven days earlier on November 22, 2016.  The Complaint was received and filed by the Clerk in this Court on December 28, 2016.

As Defendants point out, the applicable section of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

This statute clearly requires an inmate bringing a civil rights action in this Court to first exhaust his available administrative remedies. *Booth v. Churner*, 532 U.S. 731, 739 (2001). Exhaustion is no longer left to the discretion of the district court, but is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Exhaustion will not be excused when an inmate fails to timely exhaust his administrative remedies; the exhaustion requirement also means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). This is so regardless of whether the inmate's ultimate goal is a remedy not offered by the administrative process, such as money damages. *Id.*

In *Jones v. Bock*, 549 U.S. 199, 211 (2007), the Supreme Court confirmed that exhaustion was mandatory under the PLRA and that "unexhausted claims cannot be brought in court." Citing *Jones*, the Fifth Circuit restated that "the PLRA pre-filing exhaustion requirement is mandatory and non-discretionary," and that "district courts have no discretion to waive the PLRA's pre-filing exhaustion requirement." *Gonzalez v.*

4

*Seal,* 702 F.3d 785, 787-88 (5th Cir. 2012) (per curiam); *Moussazadeh v. Texas Dept. of Criminal Justice*, 703 F.3d 781, 788 (5th Cir. 2012) (quoting *Gonzalez*).

The Court in *Gonzalez* discussed the Supreme Court decisions in *Jones v. Bock* and *Woodford v. Ngo*, finding that its ruling in the earlier case of *Underwood v. Ngo*, 151 F.3d 292 (5th Cir. 1998) was no longer valid after the *Jones* and *Woodford* decisions. Specifically, the Court found:

> After *Woodford* and *Jones*, there can be no doubt that pre-filing exhaustion of prison grievance processes is mandatory. We thus hold that *Underwood* has been tacitly overruled and is no longer good law to the extent it permits prisoner lawsuits challenging prison conditions to proceed in the absence of pre-filing administrative exhaustion. District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process *before filing their complaint. It is irrelevant whether exhaustion is achieved during the federal proceeding*. Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted.

*Gonzalez*, 702 F.3d at 788 (emphasis added).

The affidavit provided by Defendants confirms that Carroll did not exhaust his available administrative remedies regarding the claims that he brings in this lawsuit *before filing this Complaint.* Defendants presented the July 6, 2017, Affidavit of Richard Pennington, Director of the ARP at Parchman. Mr. Pennington avers that he is the custodian of the ARP records at the MDOC. According to him, there is no record of Offender Michael Carroll filing or attempting to file a grievance regarding an assault, or officers allowing an assault to happen, or being denied medical treatment by the staff, which occurred on or around November 22, 2016.

The Administrative Remedy Program has been implemented by the MDOC statewide in all prisons, including MSP, under the authority of Miss. Code Ann. § 47-5-801. The Court initially approved the MDOC ARP in *Gates v. Collier,* GC 71-6-S-D (N.D. Miss. 1971) (Order entered Feb. 15, 1994). The current two-step process is described in the Inmate Handbook and utilizes the Administrative Remedy Program and the Inmate Legal Assistance Program. Inmates may request information or assistance in using the program from their Case Manager or from any staff member in their housing unit. (See MDOC Inmate Handbook, ch. VIII, available at http://www.mdoc.ms.gov).

At the omnibus hearing, Carroll was directed to respond to Defendants' motion for summary judgment on or before August 14, 2017. He did not do so but was then granted until October 16, 2017, to do so. He wrote letters asking if he should be in court on that date but he never filed a written response to the motion. Regardless, this recommendation is not based upon his failure to respond to the motion; his sworn testimony from the omnibus hearing has been considered.

The exhaustion requirement demands *proper* exhaustion, finished before filing the federal lawsuit. According to the MDOC ARP, this means the initial grievance must be filed within 30 days of the incident. In *Woodford*, the Supreme Court found that the PLRA's exhaustion requirement means "proper" exhaustion, which requires a prisoner to "complete the administrative review process in accordance with the applicable procedural rules, *including deadlines*, as a precondition to bringing suit in federal court." *Woodford*, at 83-84. *See also Gordon v. Yusuff,* No. 03-60822, 2004 WL 1551625, at *1 (5th Cir.

2004) (a federal prisoner's untimely appeal to Central Office constituted grounds for dismissal based upon non-exhaustion).  It is the prison's requirements, not the PLRA, that define the requirements of exhaustion.  *Jones v. Bock,* 549 U.S at 218.

To defeat a summary judgment motion, competent evidence must be provided to defeat that set forth by the movants.  Although Carroll contends that he did file a grievance with the ARP regarding this November 22, 2016, incident, he is unable to provide any evidence supporting his claim of exhaustion.  He signed this Complaint on November 29, 2016, just seven days after the incident.  This would not have provided the ARP officials sufficient time to deal with any complaint.  The law requires that the prison officials be provided fair notice of a prisoner's specific complaints and with the "time and opportunity to address [the] complaints internally."  *Johnson v. Johnson,* 385 F.3d 503, 516 (5th Cir. 2004).   The director of the ARP has sworn that the program did not receive a complaint regarding the November 22, 2016, incident.  Carroll did not provide any details regarding how he delivered his complaint, on what date, or to whom he addressed it.  He does not provide any mail log evidence or any evidence that he personally delivered it to the ARP while he was at Parchman.  He has not provided a copy of what he purportedly filed. Although he generally contends he exhausted, a plaintiff's 'conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence' will not satisfy the nonmoving party's burden on summary judgment." *Garner v. Moore,* 536 Fed. Appx. 446, 449 (5th Cir. 2013) (quoting *Freeman v. Tex. Dep't of Criminal Justice,* 369 F.3d 854, 860 (5th Cir. 2004).  In this case, Defendants' "uncontested, competent summary judgment evidence

establishes beyond peradventure" that the ARP was available to Carroll and that he failed to complete it regarding the specific claims set forth in the Complaint before filing it. *See Fruge v. Cox,* Civil Action No. 14-0153, 2015 WL 964560 at *4 (W.D. La., March 4, 2015).

The law requires that Carroll must have completed his ARP proceedings against Defendants, *prior* to filing this lawsuit. *Gonzales*, 702 F.3d at 788; *Wendell v. Asher*, 162 F.3d 887, 890-91 (5th Cir. 1998) (overruled on other grounds) ("Absent a valid defense to the exhaustion requirement, the statutory requirement enacted by Congress that administrative remedies be exhausted before the filing of suit should be imposed. To hold otherwise would encourage premature filing by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation."). Carroll signed the Complaint in this lawsuit at approximately the same time he contends that he filed his grievance with ARP. Under the law, the ARP procedure must be completed before filing a federal lawsuit, and this Court has no discretion to waive the requirement.

For these reasons, the undersigned Magistrate Judge recommends that Defendants' Motion for Summary Judgment [25] be granted and that Plaintiff's Complaint be dismissed without prejudice as to all Defendants. Final Judgment should be entered.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that

party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  28 U.S.C. § 636;  Fed. R. Civ. P. 72(b); *Douglass v. United Services Auto. Ass=n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted, this the 31st day of January 2018.

                        /s/ Linda R. Anderson
                UNITED STATES MAGISTRATE JUDGE